UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DERRICK S. JONES | CIVIL ACTION NO. 3:10-cv-0038 |
|     LA. DOC #379679 | |
|     OPCC #2006969 | SECTION P |
| VS. | |
| | JUDGE DONALD E. WALTER |
| WARDEN BRIAN NEWCOMER | MAGISTRATE JUDGE KAREN L. HAYES |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Derrick S. Jones, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* on January 7, 2010. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is serving a hard labor sentence imposed following a prior felony conviction.[1] He is also awaiting trial in the Fourth Judicial District Court on some unspecified felony charges lodged under Docket Numbers 04-F2810-3 and 04-F2811-C.  He claims that his right to a speedy trial with respect to the pending charges has been violated and he asks that the pending charges be quashed and dismissed and that he be released from custody. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED.**

*Background*

Petitioner has provided little in the way of factual details in support of his *habeas* claims. In his previous *habeas corpus* petition he alleged that on September 21, 2005, he  was convicted of four counts of second degree kidnapping following a jury trial in the Fourth Judicial District

---

[1] See *Derrick S. Jones v. Warden Brian Newcomer*, Civil Action No. 3:10-cv-0012. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 5, 2010. In that petition he attacked his 2005 second degree kidnapping convictions in the Fourth Judicial District Court, Ouachita Parish, under Docket Number 04-F-2812-3.

Court in the matter under Docket Number 04-F-2812-3.  He was subsequently adjudicated a third felony offender and on February 22, 2006 he was sentenced to serve a total of 45 years at hard labor. [See Civil Action No. 3:10-cv-0012 at Doc. 2, ¶ 1-7]

Based on the sequence of the Docket Numbers provided, it would appear that prosecution on the pending charges was instituted sometime in 2004 at the same time that prosecution was instituted on the second degree kidnapping charges.  According to petitioner, he filed a Motion for Speedy Trial in April 2009.  Sometime prior to May 18, 2009, he filed an application for Supervisory and/or Remedial Writs in the Louisiana Supreme Court seeking enforcement of his Speedy Trial rights. On May 18, 2009, the Supreme Court ordered the Fourth Judicial District Court "to consider and act on the motion." See *State of Louisiana ex rel. Jones v. State*, 2009-1052 (La. 5/18/2009), 9 So.3d 129.  In an order signed on June 29, 2009, and filed on July 9, 2009, the District Court set trial dates of August 3, 2009, on the cases pending under Docket Numbers 04-F2810-3 and F2811-3. The order fixing trial was apparently sent to the Louisiana Supreme Court as evidence of the District Court's compliance with the May 15, 2009, order. [Doc. 1, p. 13]

Petitioner signed his petition on January 1, 2010, and asserted that the trial scheduled for August 3, 2009, had been continued and petitioner had still not yet been tried. [Doc. 1, p. 4]

### *Law and Analysis*

Petitioner is a pre-trial detainee who is challenging  pending Louisiana state court criminal prosecutions.  The petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to  persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998);  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody

pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.');  and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to  *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his  claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.

*Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction.  The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes"  from one who seeks only to enforce the state's obligation to bring him promptly to trial.  *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner seeks dismissal of the pending charges and his release from custody, and as shown above, that relief is not available. Further, while it is clear that petitioner litigated a claim in the Louisiana Supreme Court, it is not altogether clear whether he litigated the substance of his

4

speedy trial claim. Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 be **DISMISSED** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana, March 26, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE